```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

TERRY AUVILLE,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:15-cv-01905

B&B METALS, INC., et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment submitted by defendants B&B Metals, Inc. and Joseph Marcum. (Doc. No. 15). For the reasons that follow, the motion is **GRANTED**.

### I.  Factual Background

The instant dispute arises from an automobile accident that occurred on United States Route 52 in Elkhorn, West Virginia. (Doc. No. 1, Exh. A at 3). On the morning of July 29, 2013, plaintiff was driving a 1995 Toyota Tacoma truck southbound on U.S. 52. Id. Defendant Marcum was just ahead of plaintiff, driving a 2011 Mack Truck Tractor, owned by his employer, defendant B&B Metals, Inc. Id. This stretch of roadway has only one lane in each direction, but widens to two lanes in either direction as Route 52 nears Elkhorn Station Road. Id.

As the two vehicles approached Elkhorn Station Road on their left, plaintiff alleges defendant Marcum steered his truck tractor towards the right lane, then attempted to turn left onto Elkhorn Station Road.  Id. at 4–5.  At the same time, plaintiff attempted to pass defendant Marcum's truck tractor on the left, over an unbroken double-yellow line, crossing into the northbound lane of U.S. 52.  (Doc. No. 1, Exh. A at 5; Doc. No. 16 at 2).  The two vehicles collided, causing plaintiff's truck to overturn approximately two to three times.  (Doc. No. 1, Exh. A at 5).  As a result of the accident, plaintiff contends that he suffered a number of injuries, including a stroke and continuing vision problems.  (Doc. No. 1, Exh. A at 7; Doc. No. 16 at 2).

Senior Trooper J.K. Weiss of the West Virginia State Police responded to the accident.  (Doc. No. 16 at 2).  In his investigation, Senior Trooper Weiss determined that plaintiff did not yield the right-of-way, disregarded road markings, and improperly passed.  (Doc. No. 16, Exh. B at 10).  Senior Trooper Weiss further concluded that the actions of defendant Marcum did not contribute to the accident.  Id. at 6.

Plaintiff filed a complaint in the Circuit Court of McDowell County, West Virginia, alleging negligence on the part of defendant Marcum and vicarious liability on the part of

2

defendant B&B Metals, Inc.[1] (Doc. No. 1, Exh. A). Defendants B&B Metals and Marcum removed the case to this court on February 18, 2015, invoking the court's diversity jurisdiction. (Doc. No. 1). On December 23, 2015, defendants B&B Metals and Marcum moved this court for summary judgment. (Doc. No. 15). It appears that plaintiff does not contest this motion as he has not filed a response.

## II. Legal Standard

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, a reasonable juror

---

[1] Plaintiff's complaint lists three defendants in its caption: B&B Metals, Inc., Joseph Marcum, and the West Virginia Department of Transportation Division of Highways [sic]. (Doc. No. 1, Exh. B). However, his complaint does not list any cause of action against the West Virginia Department of Transportation. All allegations and causes of action are directed solely towards defendants B&B Metals and Marcum. Id. at 3-7. Accordingly, defendant West Virginia Department of Transportation is hereby **DISMISSED** as a party to this action.

could return a verdict for the non-movant. Id. The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is not appropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if the parties do not dispute the evidentiary facts, summary judgment is not appropriate when the parties dispute ultimate factual conclusions. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

### III. Discussion

In their motion for summary judgment, defendants argue that plaintiff cannot support a claim of negligence against defendant Marcum. "Negligence is the failure of a reasonably prudent person to exercise due care in his conduct toward others from which injury can occur." Walker v. Robertson, 91 S.E.2d 468, 473 (W. Va. 1956). "To prove negligence, a plaintiff must establish by a preponderance of the evidence: (1) a duty which the defendant owes him; (2) a negligent breach of that duty; and (3) injuries received thereby, resulting proximately from the

4

breach of that duty." O'Bryan v. Synthes, Inc., Civil Action No. 5:13-cv-25981, 2015 WL 1220973, at *6 (S.D.W. Va. Mar. 17, 2015) (quoting Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939)) (internal quotation marks omitted). A successful negligence claim requires plaintiff to prove "that the defendant's breach of duty was more likely than not the cause of the injury." Murray v. United States, 215 F.3d 460, 463 (4th Cir. 2000) (internal citations omitted). Plaintiff bears the burden of demonstrating these elements by a preponderance of the evidence. Webb, 2 S.E.2d at 899; see also Murray, 215 F.3d at 463.

The parties seem to be in agreement on the critical facts of this case. Plaintiff admitted in his deposition that he attempted to pass defendant Marcum's truck tractor on a double-yellow road line. (Doc. No. 15, Exh. C at 8-9). Such a line indicates that it is against the law to cross into the opposite lane to pass another vehicle. See West Virginia Code § 17C-7-7 (2015). Senior Trooper Weiss's investigation revealed the same fact--that plaintiff disregarded the road markings when he attempted to pass defendant Marcum's truck tractor. Plaintiff argued in his complaint that defendant Marcum did not use his turn signal when turning left, but this allegation is unsupported. In his statement taken immediately after the accident, defendant Marcum stated that he did use his left turn

5

signal. (Doc. No. 15, Exh. B at 7). Senior Trooper Weiss concurred with this and did not cite defendant Marcum for failure to signal for turn or stop. Id. Furthermore, Senior Trooper Weiss concluded that defendant Marcum did not contribute to the crash in any fashion. (Doc. No. 15, Exh. B at 6). As a result, defendants have carried their burden to demonstrate an absence of evidence supporting plaintiff's case.

Taking the record as a whole, defendants are entitled to summary judgment. Plaintiff has not offered any evidence that defendant Marcum breached any duty owed to him. Nor has plaintiff demonstrated that his injuries resulted, more likely than not, from any of defendant Marcum's conduct. Instead, the evidence indicates that plaintiff caused the accident, not defendant Marcum. Even though there were two southbound lanes and a double-yellow line preventing passing, plaintiff still attempted to pass defendant Marcum's truck tractor by driving into the northbound lane of Route 52. It was plaintiff's own negligence, rather than any on the part of defendant Marcum, that led to plaintiff's injuries. A reasonable trier of fact could not find in plaintiff's favor, and, therefore, defendant Marcum is entitled to summary judgment.

As plaintiff cannot demonstrate that defendant Marcum acted negligently, he also cannot demonstrate that defendant Marcum's employer, defendant B&B Metals, is liable for defendant Marcum's

6

actions. Consequently, the court finds summary judgment is appropriate for both defendants.

### IV. Conclusion

For the reasons stated above, defendants B&B Metals's and Joseph Marcum's motion for summary judgment, (Doc. No. 15), is **GRANTED**. Defendant West Virginia Department of Transportation Division of Highways is **DISMISSED** as a party to this case. The Clerk is **DIRECTED** to remove this case from the court's docket.

The Clerk is further directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 23rd day of February, 2016.

ENTER:

David A. Faber
Senior United States District Judge